May it please the Court, my name is Sidney Bender. I'm appearing for the Plaintiff Appellant Wayne Ritchie, and I'd like to reserve two minutes for my rebuttal. Just watch the clock. Pardon me? Watch the clock. Yes, sir. At the close of Plaintiff's case in chief, the District Court in a bench trial granted defendants' motion to dismiss pursuant to Rule 52C as a matter of law. The Supreme Court in the Reeves case stated that where there's a judgment as a matter of law, that under those circumstances, all the inferences must be drawn in favor of the nonmoving party. Here, that is Ritchie. You had a trial here. The judge was sitting as a tire of fact. It heard your case, said, okay, I've heard your case, I don't believe it, and it can make findings of facts quite clear. Yes, the Rule 50... It doesn't have to go through the charade of requiring the other side to present the case if it finds that the Plaintiff's case is unpersuasive in its own terms. I don't see where that's an issue. It still is a matter of law, Your Honor, even though he is permitted to make findings of facts as in 52A. 52A is a situation where you have an entire trial where all the parties submit their briefs. But 52C is very much like 50C, where a judge, after the Plaintiff rests his case in a jury trial, dismisses it as a matter of law. Under those circumstances, I would respectfully submit the term as a matter of law is a term of art. It means the same thing in 50C as it means in 52C, and that being that all favor — all inferences must still be drawn in favor of the nonmoving party. There's no distinction between a trial before a jury and a bench trial. What does the term as a matter of law mean in 52C if it does not mean that it carries the same meaning as all dismissals as a matter of law, which is that all the reasonable inferences must be drawn in favor of the nonmoving party. And I respectfully submit under those circumstances the Reeves case is applicable. And here the district court did not grant the Plaintiff or grant the nonmoving party all favorable inferences. On the contrary, she gave the favorable inference to the defendant because, according to what the district court said, because the Plaintiff could not place Feldman at the Christmas party, then she was drawing a conclusive inference that Feldman did not do the drugging. Besides the illogical conclusion that she drew, it does not trump the testimony of Feldman where he admitted that he personally drugged Ritchie, that Ritchie had a full head of LSD, and considering all the evidence and all the inferences from the evidence and the fact that we had here a situation where the government had a program in place where there was a diary entry, which was disregarded by the district court. That diary entry named the location, namely at the Federal building, named the date, December 20, and that was the Christmas party that the Plaintiff attended. When you consider all of the ---- Have you read the advisory committee notes on Rule 52c? Pardon me, Your Honor? Have you read the advisory committee notes on Rule 52c? Advisory committee ---- Yes, I did read them, Your Honor. And doesn't it say pretty clearly the district judge can make findings which can only be reversed for clearly erroneous grounds? Your Honor, they may make findings, but that still does not make ---- that still puts into play the general rule that if the Plaintiff has made a prima facie case, as in the Giampaoli case, once the Plaintiff has made his prima facie case, the burden then shifts to the district court. But the judge makes finding that the prima facie case doesn't hold water. She doesn't believe him. Okay. So how could he have made a prima facie case? The district judge can make findings. We can ---- We can make a prima facie case, Your Honor. If the district judge applies X, judge hears it and says, I don't believe him. I think not X is the case. You lose. I mean, I don't see how you get around that. But, Your Honor, Your Honor, how you get around it is, you still must weigh the evidence. And she did. She weighed the evidence. Where did she weigh the evidence? She did not even cite the Feldman testimony in her opinion. She ---- all she said that she made a finding that the behavior of Ritchie was due to some organic factor or a modest amount of intoxication. But she didn't cite any evidence in the record to support those findings. You still have to have evidence. There was none here. She cited none, and the defendants abandoned those findings. Can I just get clear where you're going with your argument? My understanding is you believe that 52C requires the kind of standard that would apply on a summary judgment type of analysis. All inferences have to be construed in favor of. But that's not what 52C is about. It's a finding. Now you're shifting, it seems to me, your argument to say, well, then her findings are insufficient because they're not supported by the evidence. That's a different argument. Of course, Your Honor. That is a different argument. But do you agree that since the trial, the district judge is allowed to make findings to resolve on the evidence presented and find that making the inferences against your client, that that she's permitted to do under 52? She doesn't have to make the inferences favorable to you. I disagree with Your Honor respectfully. Well, what's the solution? For the following reason. Because 52C uses the language as a matter of law. Yes. Now, under the circumstances, what does a matter of law mean? It has been read out completely under Your Honor's respectfully analysis. Because as a matter of law means, it's a term of art. It means whenever there's a dismissal, and the Supreme Court covers this in the Sanderson case when they refer to summary judgment and say summary judgment mirrors a situation where there's a dismissal as a matter of law. And I respectfully submit to this learned court that if you just say that the inferences that the nonmoving party is not entitled to the inference, then you've read out of 52C the meaning, the term, as a matter of law. It shouldn't have been there then. So how do you – what do you do with the advisory committee note? Pardon me? What do you do with the advisory committee note? Well, Your Honor, the court is not bound by the advisory committee notes. The court is bound by case law. The Supreme Court in the Reeves case – We ignore or nullify the advisory committee note? Well, I – People who draft the rule tell us we meant this rule to include the ability of courts to make credibility determinations. It's not like summary judgment. That's what they tell us the rule means. We just ignore it because they use a phrase as a matter of law that in a different context has been construed to mean you can't make credibility findings? Well, I submit to Your Honor, she can make findings. That doesn't deter her from making findings. But she has to make findings consistent with the meaning of as a matter of law, and as a matter of law means that she must, under those circumstances, grant favorable inferences to the nonmoving party. That's all. You're into your two minutes of rebuttal. Do you want to save the remaining minute and 11 seconds? Well, if I may, Your Honor, I would like to say – well, I better reserve. Thank you, Your Honor. Okay. You'll reserve the rest of your time for rebuttal. We'll hear from the government. May it please the Court. Good morning, Your Honors. My name is Owen Marduk. I'm the Assistant U.S. Attorney representing the United States in this case. What happened in the district court, and what really hampers the plaintiff's case on appeal as well, is that there was a fundamental failure of proof. Could you address, first of all, since this is a 52C judgment, is the counsel correct that under the law, under the phrase as a matter of law, that the district judge, in order to enter partial findings pre-permitting the defense case, that all inferences have to be drawn in favor of the plaintiff at that point? That's absolutely untrue, Your Honor. Okay. So tell us what the answer and the authority for that is. Well, the authority is that this Court, when the Court hears under 52C all the evidence and the Court is acting as a finder of fact, the Court is entitled to enter judgment on partial findings at that point. She hasn't heard all the evidence. She hasn't heard the evidence of the government yet. She's heard all the plaintiff's case. Yes, right. And all of the cases that interpret 52C review the district court's findings for clear error, for plain error. Well, that may be, but that's the standard of review. But the question is, what inferences are drawn at that point by the district court? The district court is not required to draw any inferences in favor of the plaintiff at that point because there is no alternate fact finder, for one thing, as there would be under Rule 50 where you have a jury, or under a motion for summary judgment where you anticipate a jury. Here, the district court is the finder of fact. The district court has heard the evidence and doesn't have to defer to some other fact finder, which is the reason for that construct of holding all evidentiary inferences in favor of the non-moving party. That construct just doesn't exist here, and that's why the district court can make findings and they're entitled, they're findings based on the district court's view of the evidence. So your theory is that the district court can, as the fact finder, make the factual determinations as the fact finder, and having made those then can decide whether on the facts as she's found them in this case, as a matter of law, the government does not need to be put to its proof because the plaintiff's case has failed. Yes. In fact, the district court must do that. And must look at the witnesses and judge their credibility. At the end of the plaintiff's case, when the plaintiff rests, as he did in this case, there is a fundamental question. Has the plaintiff borne his burden of proof? The district court is well within her rights, well within her discretion to say no. I've seen the evidence. I've read the evidence. I've heard the evidence. I've looked the witnesses in the eye, and I just don't believe it. 52C is a derivative of the old Rule 41B, is it not? I believe that's correct, Your Honor. Okay. In this case, the record just simply doesn't support what the plaintiff is arguing here. Indeed, it's the plaintiff here who's drawing all inferences in his own favor, all ambiguous testimony in his own favor, and arguing that, as a conclusion, that Mr. Feldman, for example, admitted that he drugged Mr. Ritchie, when, in fact, as the district court does discuss at some length in her opinion, that testimony was ambiguous at best, and she certainly, she simply didn't believe it. What the plaintiff's case consists of here is really beginning at the end, beginning with the presumption that Mr. Ritchie was drugged with LSD, and that the LSD made him try to rob a bar, and then simply working backwards to try to shoehorn facts and try to find evidence that fits that presumption, instead of working forward from the evidence to the conclusion. And that's why the judge simply found that this case was built on sheer speculation and not on any believable evidence. With that, I'd like to discuss very briefly the FICA issue, because that's an issue that the court denied and that I believe offers this court an alternate ground for affirmance. Before you go on to that, just briefly, the troublesome part, or a troublesome part of it is the testimony of the government, you know, the key guy here who was flippant, to say the least, in his deposition and committed perjury, in effect, lied. How does that color the district court's findings here? Well, it doesn't. The district court viewed that testimony and evaluated it, and while the district court had decided on summary judgment that perhaps some reasonable juror could interpret it as inculpatory, she did not. And, frankly, Your Honor's characterization of the testimony as flippant is perhaps generous. As the record shows ---- I was being generous. The testimony ---- Not always. Not always. Now I'm being flippant. All right. But it is serious. I mean, this was a serious allegation, and in fact there were some serious misconduct apparently in the run-up to this trial. The allegation is serious, yes, and there was an issue of sanctions based on conduct during that deposition. Including on the assistant, including on the assistant, the lawyer, the assistant here. Sorry. Were you the one? It was not me, Your Honor. Not I. I'm sorry? Not I. It was not I. It was not me. It was not anyone standing here at this podium. But ---- Actually, it's the lectern, but go ahead. But humor aside ---- You would not have done something like that, I'm sure. I mean, it was pretty bad stuff. I understand the Court's concern about what happened at that deposition, but my concern is the way the plaintiff is trying to use that to say they don't have to meet a burden of proof, that the Court should have gone to what is in civil litigation a nuclear option and simply ended the case and given a judgment to the plaintiff. There's no authority for that. There simply wasn't the evidence of misconduct to support that kind of an ending to this case. Under this Court's reasoning in the Exxon Valdez, that really is ---- We don't know whether Mr. Feldman perjured himself or lied to the reporters or what. That's correct. Or maybe both. That's correct, and that's the ultimate problem with Mr. Feldman and with his testimony. It's not clear what he's thinking or what he means to say. Maybe he took some of that LSD for himself. Undoubtedly, undoubtedly. Did that famous party occur in this very building? It did, somewhere on the second floor. Oh, wow. So ---- I have an office on the second floor. I was there then. I don't know about it. I believe it was just a Christmas party, Your Honor. But just to finish up under FICA, the Moe decision, which hadn't been handed down when the district court denied the government's FICA motion, I think clearly goes against the district court's reasoning when it holds that as long as someone is at work, during work hours, if something unanticipated, such as the crazed gunman in the Moe case, comes along and injures that person, there's at least a colorable FICA ---- I mean, I'm sorry. Is it your position, is the government's position that he was at work when he was attending the Christmas party? He was at work, yes. He was at work in this ---- He was stationed in this building? He was, yes. He was at the time the post office on the Court of Appeals building. Yes. Is the district court in here as well? Yes, I believe so. So he was guarding the district court? He was not a ---- He wasn't stationed inside courtrooms. I think his duties had more to do with moving prisoners around, but his office was in this building, and he was at work during business hours, and his boss said, why don't you go and have yourself a drink and a snack at the party? So he was at work, stationed in this building. And so your position is if he's at work at a Christmas party and a crazed gunman comes in and shoots him, that would be covered by FICA? Yes, that's what happened in Moe. A staff worker at an Air Force base walked outside and happened to walk in the line of fire of a crazed gunman, and the court found that that was at least a colorable FICA claim, unless there's anything else. Thank you. Thank you. You have about a minute left. You have about a minute left. We'll make it a full minute. Your Honor, on the question of the preponderance of the evidence, Feldman testified that not all these people that you ---- Now, all these people that you personally drug, you never did a follow-up that you had drugged them. Not all the people that I drug. You just back away and let them worry, like this nitwit, Ritchie. Yeah, we've read that. That's the troublesome testimony we were referring to. Pardon me? We've read that testimony. And when you say let them worry, you mean let them have a head full of LSD. Let them have a full head implicitly of LSD, like what happened here with this nut. Now, he was identifying Ritchie. Now, I submit there was no evidence cited by the district court to support her finding of some organic factor or some modest amount of intoxication. Under those circumstances, there was no evidence to support her findings. The defendants do not cite any. They do not even cite those findings because they abandoned them. They knew there is no evidence in the record to support those findings. Now, under the circumstances in the Moe case, this ---- Ritchie was not on duty. He was attending, and it was stipulated, a private party. He was not on duty when this happened to him. He was off duty. He was attending a Christmas party thrown by lawyers, not by thrown by any government official or anything like that. So we respectfully submit that under the circumstances, based on preponderance of the evidence, you take Feldman, you take the fact that Casey said, who was another narcotics agent, that what happened to Feldman ---- what happened to Ritchie was completely out of character. Feldman said he negotiated as to who was going to be drugged. This was not some testimony that was off the cuff. He was deliberate in his testimony. The Court found and sanctioned the government attorney for interfering with and obstructing the plaintiff's deposition of Feldman. Alitoson We do understand this. Thank you. The case is argued. This case is submitted. We are adjourned.
judges: B. Fletcher, Kozinski, Fisher